UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID P. THELEN, on behalf of
COLLETTE L. THELEN, Deceased,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 1:15-cv-66
Hon. Ray Kent

**OPINION**

Collette L. Thelen ("claimant") applied for disability insurance benefits (DIB) on June 11, 2012. PageID.181. After her claim was denied, Ms. Thelen sought review from an administrative law judge (ALJ), who denied the claim in a decision entered on September 5, 2013. PageID.59-70. Claimant died on December 7, 2014, shortly after the Appeals Council denied her request for review on November 26, 2014. PageID.5, 36-40. She was 38 years old. *Id.* Upon Collette Thelen's death, her widower, David Thelen, was substituted for her in the administrative proceedings. PageID.35. On January 23, 2015, Mr. Thelen filed the present action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying Collette Thelen's claim for disability insurance benefits (DIB).

Claimant was born in 1976. PageID.180. She completed the 12th grade, had additional training in media production, and had past employment as a customer service

representative, a collector, a telephone solicitor, an order clerk, and a call center team leader. PageID.69, 184-185. Claimant alleged a disability onset date of February 25, 2010. PageID.180. She identified her disabling conditions as degenerative disc disease, spinal stenosis, sciatica, multiple disc herniation, arthritis of the lumbar spine, migraine headaches, depression, anxiety disorder, irritable bowel syndrome, endometriosis, and back pain/surgeries. PageID.183. As discussed, the ALJ reviewed the claim *de novo* and entered a written decision denying benefits. PageID.59-70. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

### I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in

the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).

3

However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

This claim failed at the fourth step of the evaluation. At the first step, the ALJ found that claimant has not engaged in substantial gainful activity since the alleged onset date of February 25, 2010, and that she met the insured status requirements of the Act on December 31, 2014. PageID.61. At the second step, the ALJ found that plaintiff had severe impairments of a spine disorder, asthma and obesity. *Id.* At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.63.

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can lift up to twenty pounds occasionally and lift and carry up to ten pounds frequently. The claimant can climb ramps and stairs, balance, stoop, kneel, crouch, and crawl but never climb ladders, ropes, or scaffolds. The claimant must avoid concentrated cold and humidity and even moderate use of moving machinery and exposure to unprotected heights when she is taking her pain medication. She can understand, remember, and carry out normal instructions. The claimant can make judgments on normal work decisions. The claimant can interact appropriately with supervisors and coworkers in a routine work setting. She can respond to usual work situations and changes in a routine work setting.

PageID.64. The ALJ also found that claimant was capable of performing her past relevant work as a collector, a telephone solicitor and an order clerk. PageID.69. The ALJ found that this work did

not require the performance of work-related activities precluded by her residual functional capacity (RFC). *Id.* Accordingly, the ALJ found that claimant had not been under a disability, as defined in the Social Security Act, at any time from February 25, 2010 (the alleged onset date) through September 5, 2013 (the date of the decision). PageID.69-70.

### III. ANALYSIS

Plaintiff did not set forth a Statement of Errors as required by the Court.[1] *See* Notice (docket no. 9). Based on the arguments set forth in the brief, the Court gleans two issues for review on appeal.

> **A. Did the ALJ fail to properly weigh the medical source opinion of Dr. Ritsema according to the "treating physician rule," 20 C.F.R. § 404.1527(c)?**

A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals

---

[1] Counsel is advised that failure to set forth a Statement of Errors as directed may result in non-conforming pleadings being stricken.

most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

The ALJ addressed the opinion of Peter Ritsema, M.D. as follows:

> On September 13, 2012, Dr. Ritsema opined that the claimant can sit one to two hours and stand/walk one to two hours in an eight-hour workday (5F/2). He found that the claimant can lift up to ten pounds sometimes (one to two hours in an eight-hour workday) and never bend or stoop. He found that the claimant would need a sit/stand option at will and would likely miss three or more days of work and be tardy three or more days per month. Dr. Ritsema further opined that the claimant would need breaks from work as symptoms dictated, she suffered from incapacitating bouts of migraine headaches, and she has serious limitations as to pace and concentration. This opinion is inconsistent with his own progress notes and the other medical evidence of record. The doctor apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported. Yet, as explained elsewhere in this decision, there exist good reasons for questioning the reliability of the claimant's subjective complaints. Therefore, based on the medical evidence of record, the undersigned gives little weight to this opinion.

PageID.68.

In evaluating a treating physician's opinion, the ALJ is not required to perform "an exhaustive factor-by-factor analysis." *Francis v. Commissioner of Social Security Administration*, 414 Fed. Appx, 802, 804 (6th Cir. 2011). Dr. Ritsema's one-page assessment attributes plaintiff's restrictions as commencing on February 25, 2010, which he refers to as "spinal fusion date." PageID.397. However, the ALJ's decision does not address the doctor's underlying treatment notes or explain how the doctor's opinion is inconsistent with the medical evidence. While the ALJ traces plaintiff's medical history, he did not identify treatment provided by any particular medical practitioner, other than Dr. Ritsema's recommendation that claimant exercise. PageID.65-67. Based on this record, the ALJ has not given good reasons for the weight assigned to Dr. Ritsema's opinion. *See Wilson*, 378 F.3d at 545; 20 C.F.R. § 404.1527(c)(2). Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate the doctor's opinion.

>    B.   Did the ALJ commit reversible error by summarily adopting the opinion of a non-examining state agency medical consultant, Dr. Minnis?

Plaintiff contends that the ALJ erred by rejecting the opinion of the treating physician, Dr. Ritsema, and giving great weight to the opinion of a non-examining consultant, Dr. Minnis. The ALJ evaluated Dr. Minnis' opinion as follows:

> As for the opinion evidence, on October 4, 2012, a medical consultant, Ramona Minnis, M.D., affirmed the opinion formed on August 9, 2012 (1F/1). The opinion found that the claimant can occasionally lift and/or carry twenty pounds and frequently lift and/or carry ten pounds (lA/7). It found that the claimant can stand and/or walk four hours and sit about six hours in an eight-hour workday (1A/7-8). The opinion further found that the claimant can frequently balance; occasionally

> climb ramps and stairs, stoop, kneel, and crouch; and never crawl or climb ladders, ropes, or scaffolds (lA/8). It found that the claimant must avoid concentrated exposure to pulmonary irritants and extreme cold and all exposure to hazards (lA/9). The undersigned accords the above opinion great weight to the extent that the claimant can perform work at the light exertional level because the evidence received into the record, after the initial determination, did not provide any new or material information that would alter any findings about the claimant's residual functional capacity (SSR 96-6p).

PageID.68.

"As a general matter, an opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination (a 'nonexamining source') [such as Dr. Minnis], and an opinion from a medical source who regularly treats the claimant (a 'treating source') is afforded more weight than that from a source who has examined the claimant but does not have an ongoing treatment relationship (a 'nontreating source'). *Gayheart*, 710 F.3d at 375. However, an ALJ can credit a non-examining physician's opinion over a treating physician's opinion, when the treating physician's opinion is not supported by the medical record. *See, e.g., Wilson v. Halter*, 23 Fed. Appx. 341, 342 (6th Cir. 2001) ("It is true that the opinion of a non-examining physician is entitled to little weight if it is contrary to the opinion of the claimant's treating physicians. However, the treating physician's opinion is entitled to controlling weight only when the medical opinion is not inconsistent with the other substantial evidence in the record.") (internal citations omitted).

In this instance, the ALJ could rely on Dr. Minnis' opinion because the ALJ found that Dr. Ritsema's opinion was entitled to little weight. *See McGrew v. Commissioner of Social Security*, 343 Fed. Appx. 26, 30-32 (6th Cir.2009) (substantial evidence supported the ALJ's decision disregarding the treating physician's opinion and relying on the state agency consultant's opinion

where the "ALJ carefully and thoroughly analyzed the evidence of [the claimant's] medical examinations and treatments, gave proper weight to state agency physicians, and accommodated changes in [the claimant's] medical condition."); 20 C.F.R. § 404.1527(f)(2)(i) ("administrative law judges must consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence, except for the ultimate determination about whether you are disabled").

However, as discussed, the ALJ's evaluation of Dr. Ritsema's opinion is subject to reversal and remand because the ALJ did not give good reasons for the weight assigned to the opinion. For this reason, the ALJ's decision to give great weight to Dr. Minnis' opinion is not supported by substantial evidence. Accordingly, the ALJ should re-evaluate Dr. Minnis' opinion on remand.

### IV. CONCLUSION

For the reasons discussed, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate the opinions of Drs. Ritsema and Minnis. A judgment consistent with this opinion will be issued forthwith.


Dated:  March 25, 2016         /s/ Ray Kent
                               RAY KENT
                               United States Magistrate Judge